UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROSALBA MAYORGA,                    )
                                    )   Case No. C17-0934RSL
                   Plaintiff,       )
        v.                          )
                                    )   ORDER GRANTING MOTION FOR
STATE OF WASHINGTON, *et al.*,      )   PARTIAL DISMISSAL
                                    )
                   Defendants.      )
_____ )

This matter comes before the Court on "Defendants' Motion for Partial Dismissal of (Amended) Complaint for Discrimination and Retaliation." Dkt. # 14. Plaintiff's employment with the Washington Department of Social and Health Services ("DSHS") was terminated in May 2016. Plaintiff alleges that she had been denied reasonable accommodation for her disability and that both discriminatory and retaliatory animus motivated her termination. In this litigation, she has sued the State of Washington and DSHS for an unspecified declaration of rights (Count 1), violation of Title VII of the Civil Rights Act of 1964 (Counts 2-4), violation of Titles I and II of the Americans with Disabilities Act of 1990 ("ADA") (Counts 5-6), violation of § 504 of the Rehabilitation Act of 1973 (Counts 5, 6, and 8), violation of the Age Discrimination in Employment Act ("ADEA") (Counts 9-11), and retaliation and failure to accommodate in violation of the ADA (Counts 7 and 12).[1] Defendants argue that they are

---

[1] There are also references to intentional infliction of emotional distress, negligence, and constructive discharge in the amended complaint. Plaintiff disavows any intention to pursue state law

ORDER GRANTING MOTION FOR
PARTIAL DISMISSAL

immune from claims under Title I of the ADA and the ADEA and that plaintiff fails to state a viable claim for relief under Title II of the ADA.[2]

**A. Eleventh Amendment Immunity**

The Eleventh Amendment to the United States Constitution provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." While the plain language of the Eleventh Amendment does not expressly bar suits against a state by its own citizens, it is well established constitutional law that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." Edelman v. Jordan, 415 U.S. 651, 663 (1974) (citing Hans v. Louisiana, 134 U.S. 1 (1890)).

Although the Eleventh Amendment erects a general bar against suits for damages against the state and its agencies in federal court(Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101 (1984)), there are some exceptions. First, the state may waive its immunity by consenting to suit. Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999). Second, Congress may subject states to suit in federal court pursuant to lawmaking powers conferred by the Constitution itself. Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 80 (2000). Finally, the Eleventh Amendment does not bar actions seeking only prospective declaratory or injunctive relief against state officers sued in their official capacities. Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 73 (1996).

---

claims. The Court accepts her representation: there are no state law claims asserted in this lawsuit.

[2] In their reply memorandum, defendants argue that they are entitled to judgment on some portion of plaintiff's retaliation claim under Title V of the ADA. Dkt. # 19 at 3. This argument was not timely raised and will not be resolved here. It appears, however, that a retaliation claim based on opposition to disability discrimination under Title I of the ADA is subject to the same sovereign immunity analysis as the Title I claim itself. See Demshki v. Monteith, 255 F.3d 986, 988-89 (9th Cir. 2001).

The United States Supreme Court has held that Congress did not validly abrogate state sovereign immunity under either Title I of the ADA or the ADEA. See Bd. of Trustees of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001); Kimel v. Fla. Bd. of Regents, 528 U.S. 62, 91 (2000). The first exception to the Eleventh Amendment bar does not, therefore, apply. Plaintiff argues, however, that the second exception applies because Washington has waived its sovereign immunity for claims under Title I of the ADA and the ADEA by accepting federal funds that were conditioned on a waiver. Plaintiff relies on the following language in 42 U.S.C. § 2000d-7:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Plaintiff argues that because the state has accepted federal funding for DSHS programs, it has voluntarily and knowingly waived immunity against claims brought under "ANY federal anti-discrimination statutes whatsoever that involve the federal[ly] funded agency or program . . . ." Dkt. # 18 at 11.

Plaintiff offers no case citations in support of this extraordinarily broad reading of Section 2000d-7, and its terms suggest a much narrower interpretation. The waiver applies to claims brought under the four listed titles/acts and, pursuant to the residual clause, under other federal statutes "prohibiting discrimination by recipients of Federal financial assistance." The listed titles/acts are very specific. They do not include all titles of the Civil Rights Act, for example, only the one forbidding sex discrimination "in any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). When Congress enacted Title IX in 1972, the purpose was to prevent the use of federal resources to support discriminatory practices and to protect individuals against such practices (rather than simply providing a remedy to victims of discrimination). Gebser v. Lago Vista Indep. Sch. Dist., 524 U.S. 274, 286-87 (1998). Congress

ORDER GRANTING MOTION FOR
PARTIAL DISMISSAL                -3-

expressly attached conditions to the award of federal funds through Title IX. It was not until 1986, however, that Congress forced states to choose between accepting federal funds and retaining their immunity from suit by enacting Section 2000d-7. The statutes identified in Section 2000d-7 contain express prohibitions against discrimination by recipients of federal financial assistance, and the residual clause must therefore be read to extend to similar statutes which expressly prohibit discrimination by recipients of federal financial assistance. Wash. State Dep't of Social and Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 384 (2003) ("General words are construed to embrace only objects similar in nature to those objects enumerated by the preceding specific words.") (internal quotation marks omitted). Title I of the ADA and the ADEA contain no such prohibition. Waiver will not be lightly implied, and plaintiff has the burden of showing that the state voluntarily invoked federal jurisdiction or made a clear declaration that it intends to submit itself to the power of the federal courts. Coll. Sav. Bank, 527 U.S. at 675-76. Plaintiff's convoluted theory of "gotcha" waiver is neither clear nor persuasive. See Levy v. Kan. Dep't of Soc. and Rehabilitation Servs., 789 F.3d 1164, 1169-71 (10th Cir. 2015) (noting that Congress "does not . . . hide elephants in mouseholes" and rejecting the argument that defendant had waived its sovereign immunity under Title I of the ADA by accepting federal funds).

Finally, plaintiff points out that claims for injunctive and equitable relief are not necessarily barred by the Eleventh Amendment. The state and its agencies enjoy immunity from all claims, however. Although claims for prospective equitable relief may be asserted against a state official, sued in his or her official capacity, plaintiff has not sued an official, identified an on-going violation of federal law, or explained how prospective relief would remedy the statutory violations of which she complains. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997).

**B. Title II of the ADA**

Plaintiff concedes that, under binding Ninth Circuit precedent, Title II of the ADA does not apply to employment discrimination cases. Dkt. # 18 at 11.

For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 14) is GRANTED. Plaintiff's claims for monetary damages under Title I of the ADA and under the ADEA are hereby DISMISSED without prejudice to their being asserted in state court: they may not be reasserted in this case. Plaintiff's claims under Title II of the ADA are dismissed with prejudice. If counsel believes he can, consistent with his obligations under Fed. R. Civ. P. 11, assert a claim for prospective equitable relief against a state employee in his or her official capacity, an amended complaint may be filed within fourteen days of the date of this Order.

Dated this 16th day of April, 2018.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge