UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
ROSALBA MAYORGA,

                Plaintiff,

   v.

STATE OF WASHINGTON, *et al.*,

                Defendants.
_____

Case No. C17-0934RSL

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Defendants' Motion for Summary Judgment and Dismissal." Dkt. # 31. Plaintiff's opposition consists of a three page introduction, a brief statement of the relief requested acknowledging that some unspecified claims are defective, thirty-one pages of facts, one paragraph of argument referencing inapplicable Title VII case law, and a blank conclusion section above the signature block. Dkt. # 36.[1] Plaintiff also submitted a substantively identical statement of facts in her declaration, along with 188 pages of exhibits. Dkt. # 35.[2]

---

[1] Six days after defendants filed their reply memorandum, plaintiff sought leave to replace her response with an entirely new, twenty-four page document. The request was denied as both untimely and unjustified. The Court has, however, reviewed the rejected document (Dkt. # 38) to flesh out the vague acknowledgment that some claims are defective and to confirm that plaintiff has no viable claims in this matter.

[2] One of the underlying but unstated assumptions in plaintiff's request to file a second opposition memorandum was that she lacked the capacity to respond in a timely manner. The Court therefore sought clarification from counsel regarding whether plaintiff has the ability to purse this litigation in her

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and "citing to particular parts of materials in the record" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The Court will "view the evidence in the light most favorable to the nonmoving party . . . and draw all reasonable inferences in that party's favor." Krechman v. County of Riverside, 723 F.3d 1104, 1109 (9th Cir. 2013). Although the Court must reserve for the jury genuine issues regarding credibility, the weight of the evidence, and legitimate inferences, the "mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient" to avoid judgment. City of Pomona v. SQM N. Am. Corp., 750 F.3d 1036, 1049 (9th Cir. 2014); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. S. Cal. Darts Ass'n v. Zaffina, 762 F.3d 921, 925 (9th Cir. 2014). In other words, summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor. FreecycleSunnyvale v. Freecycle Network, 626 F.3d 509, 514 (9th Cir. 2010).

---

own right. Dkt. # 44 at 2 n.1. Counsel filed an unhelpful response claiming that plaintiff is "partially" incapable, but without offering any evidence other than the fact that plaintiff suffered a traumatic brain injury in the 2013 car accident that gave rise to her termination. Counsel suggests that, in light of plaintiff's ill-defined and wholly unsupported incapacity, the Court should grant the extension of time to respond that was previously denied as an accommodation under the Americans with Disabilities Act. Dkt. # 45. The record, however, suggests that plaintiff is contemplating returning to work and does not support counsel's bald claim of incapacity, partial or otherwise.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

Plaintiff's employment with the Washington Department of Social and Health Services ("DSHS") was terminated in May 2016. Plaintiff alleges that she was denied reasonable accommodation for a traumatic brain injury she suffered in a 2013 car accident and that both discriminatory and retaliatory animus motivated her termination and the failure to hire her for other positions. In her Second Amended Complaint, plaintiff sued the State of Washington, DSHS, and five individuals in their official capacities for declaratory judgment (Counts 1 and 2), violation of Title VII of the Civil Rights Act of 1964 (Counts 3-5), violation of Titles I and II of the Americans with Disabilities Act of 1990 ("ADA") (Counts 6-7), violation of § 504 of the Rehabilitation Act of 1973 (Counts 6-8), violation of the Age Discrimination in Employment Act ("ADEA") and the Age Discrimination Act of 1975 (Counts 9-11), and failure to accommodate in violation of the ADA and § 504 (Count 12).

**A. Claims Conceded by Plaintiff**

Plaintiff acknowledges that she has not served the individual defendants named in the Second Amended Complaint. Pursuant to Fed. R. Civ. P. 4(m), the claims against the unserved defendants are therefore dismissed without prejudice. In the absence of any individual defendants sued in their official capacity for prospective equitable relief, plaintiff's Title I claims under the ADA and her ADEA claims are barred by the Eleventh Amendment. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997). See also Dkt. # 21 at 2-4.

In response to defendants' motion to dismiss the First Amended Complaint, plaintiff conceded that Ninth Circuit precedent bars the application of Title II of the ADA to employment discrimination cases. Dkt. # 18 at 11. The claims under Title II were previously dismissed on that basis (Dkt. # 21 at 5) and cannot be reasserted in this litigation.

Plaintiff concedes that she did not exhaust her remedies under the Age Discrimination

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT                              -3-

Act of 1975. Those claims are therefore dismissed without prejudice.

**B. Failure to Raise a Genuine Issue of Material Fact**

Despite the length of plaintiff's statement of the facts, she has failed to offer evidence from which a reasonable jury could return a verdict in her favor on the Title VII and Rehabilitation Act claims.

**1. Disability Discrimination and/or Failure to Accommodate Claims**

Plaintiff was a social worker for DSHS between 2009 and 2016. She worked with children who were in the dependency process, overseeing their placement, visitation, and health and safety checks. She also worked with parents to connect them to services and providers in an effort to remedy deficiencies and reunify the family. In 2013, plaintiff was involved in a motor vehicle accident and suffered a traumatic brain injury. Within weeks plaintiff knew that she could not function at the same level as she did previously. DSHS and plaintiff's supervisors provided support, including leaves of absence, reduced hours, reduced caseload, limitations on driving, and supervisor support in prioritizing work and making decisions, but it was not enough. At one point, plaintiff was found walking around the building and obviously not doing well: her supervisor took her to the hospital. Plaintiff acknowledged that she was overwhelmed in her Social Services Specialist 3 position and needed a different, less stressful job. She and her husband requested a consultation with a neuropsychologist, Theodore Judd, Ph.D. Dr. Judd recommended that plaintiff be reassigned to a position that did not involve a caseload. Plaintiff recognized that the job she had was too much for her and agreed that a disability reassignment was necessary.

The only reasonable inference from evidence is that, after 2013, plaintiff was no longer qualified for the Social Services Specialist 3 position she had held since 2009, regardless of any

ORDER GRANTING MOTION FOR
SUMMARY JUDGMENT -4-

reasonable accommodation the employer could provide.[3] She was simply unable to perform the job and needed an entirely new position, one that did not involve a caseload and/or court-related paperwork. She cannot, therefore, make out a prima facie case of disability discrimination under § 504 of the Rehabilitation Act. See Buckingham v. U.S., 998 F.2d 735, 739-40 (9th Cir. 1993) (under § 504, plaintiff has the burden of showing that she is a qualified individual with a disability who, with or without reasonable accommodation, could perform the essential elements of her job).[4]

Plaintiff also asserts that DSHS discriminated against her based on her disability when it failed to find a new position for her through the disability reassignment process and/or when it failed to hire her for a position she found and applied for on her own. Again, the record does not support these accusations. Plaintiff put significant restrictions on the scope of the vacancy search she wanted DSHS to perform as part of the disability reassignment process: she imposed both geographic and job limitations, requesting a position with Children's Administration in the Mount Vernon office. Plaintiff was warned that limitations in the search criteria reduced the chances of finding an acceptable position and that if no vacant, funded position could be located, DSHS would initiate a disability separation. That is exactly what happened, and plaintiff offers no evidence of vacant positions meeting her search criteria and satisfying the limitations identified by Dr. Judd that DSHS hid from her. While the fact that plaintiff had to participate in a vacancy search was a function of her disability, the fact that her search criteria revealed no appropriate vacancies was not causally connected to her disability.

It is clear from the record that plaintiff mistakenly assumed that DSHS would keep her

---

[3] Plaintiff has not identified any reasonable accommodation that would have allowed her to continue to perform the essential functions of her position.

[4] Disability is not a protected class under Title VII. See 42 U.S.C. § 2000e-2(a)(1) (prohibiting employment discrimination because of an individual's race, color, religion, sex, or national origin). Plaintiff's disability discrimination claims are therefore analyzed under the Rehabilitation Act.

on as a Social Services Specialist 3 indefinitely until a job within her capabilities became available or she was able to find another supervisor who would give her another chance at case-based work. That is not how the disability reassignment process works or was explained to her, however. The law does not require an employer to (a) continue to pay an employee who cannot, with or without reasonable accommodation, perform the essential functions of the job, (b) create a new position for her, or (c) terminate or reassign an existing employee so that plaintiff could have his or her job.

With regards to her unsuccessful application for a Relative Search Specialist position in April 2016, the only reasonable inference from the evidence is that the position required much the same skills and capabilities as her Social Services Specialist 3 position, which she admittedly could not do. Plaintiff did not complete the computer part of the application process or interview well: the four-person interview panel did not think her attitude or self-reported conflicts with co-workers over the years were promising. The panel selected someone else for the position. Plaintiff offers no evidence that her application was rejected because of her disability except to the extent that her disability made her unable to show proficiency on the DSHS computer system and/or to convince the panel that she could successfully perform the job.[5] As discussed above, however, § 504 does not require an employer to hire someone who cannot perform the essential functions of the job.

**2. Claims of Discrimination Based on Race, National Origin, and Color**

In order to establish a prima facie case of discrimination under Title VII, "plaintiff must offer proof: (1) that the plaintiff belongs to a class of persons protected by Title VII; (2) that the

---

[5] In her statement of facts, plaintiff asserts that she did not get the Relative Search Specialist position because she had previously complained that one of the panel members had failed to hire her in January 2016 and this rejection was retaliatory. This allegation is not part of the Second Amended Complaint, nor does it support plaintiff's theory that she was not hired as a Relative Search Specialist because of her disability.

plaintiff performed his or her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as plaintiff." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006). As discussed above, plaintiff has not shown that she was performing satisfactorily as a Social Services Specialist 3. Nor is there any indication that her race, national origin, or color was a motivating factor in her disability separation or her unsuccessful bid for the Relative Search Specialist position.

**3. Retaliation Claims**

Plaintiff alleges that her employment with DSHS was terminated and she was rejected for other positions because she had engaged in activity protected under Title VII, namely identifying and complaining about systemic policies and practices that were having an adverse impact on children of color, particular Spanish-speaking and Spanish-descent clients. Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment" because of a protected characteristic. 42 U.S.C. § 2000e-2(1). No reasonable person could believe that a complaint about child welfare policies and how they impact the citizens of Washington is a complaint of employment discrimination or any other activity protected by the statute.

For all of the foregoing reasons, defendants' motion for summary judgment (Dkt. # 31) is GRANTED. Plaintiff's claims against the individual defendants, her claims for prospective relief under Title I of the ADA and the ADEA, and her claims under the Age Discrimination Act of 1975 are DISMISSED without prejudice. The claims for monetary damages under Title I of the ADA and the ADEA are also DISMISSED without prejudice but can only be asserted in state court: they may not be reasserted in federal court. Because plaintiff has had a full and fair

opportunity to litigate her claims under Title II of the ADA, Title VII, and § 504 of the Rehabilitation Act, those claims are dismissed with prejudice. Plaintiff has not shown a right to relief under any of the claims asserted. She is not, therefore, entitled to a declaration of rights in her favor. The declaratory judgment claims is also dismissed.

Dated this 17th day of December, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge